GERALD SINGLETON, State Bar No. 208783
SINGLETON LAW FIRM, APC
560 N. Coast Hwy 101, Suite 4A
Encinitas, California 92024
Tel:   (760) 697-1330
Fax:   (760) 697-1329
Email: gerald@geraldsingleton.com

TERRY SINGLETON, State Bar No. 58316
SINGLETON & ASSOCIATES
1950 Fifth Ave, Suite 200
San Diego, California 92101
Tel:   (619) 239-3225
Fax:   (619) 702-5592
Email: terry@terrysingleton.com

Attorneys for Plaintiff, KAYNE McCARTY, a minor, by
and through his Guardian ad Litem AMANDA McCARTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYNE McCARTY, a minor, by and through his Guardian ad Litem, AMANDA McCARTY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, CAMP PENDLETON & QUANTICO HOUSING LLC, LINCOLN MILITARY HOUSING CO., RHEEM MANUFACTURING CO., UNITROL ELECTRONICS INC., DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. **'13 CV 1602 BTM WMC**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES** |

Plaintiff KAYNE McCARTY, a minor, by and through his mother and Guardian ad Litem, AMANDA McCARTY, hereby files the following complaint for damages against Defendants UNITED STATES OF AMERICA, CAMP PENDLETON & QUANTICO HOUSING LLC, LINCOLN MILITARY HOUSING LLC, RHEEM MANUFACTURING CO., UNITROL ELECTRONICS INC., DOES 1 through 100, inclusive.

## **INTRODUCTION**

1.     By this action, Plaintiff KAYNE McCARTY (hereinafter "Plaintiff KAYNE") seeks to recover money damages for personal injuries and various losses arising from the negligent or wrongful acts and omissions of certain officers, agents and employees of the Defendants UNITED STATES OF AMERICA, CAMP PENDLETON & QUANTICO HOUSING LLC, LINCOLN MILITARY HOUSING LLC, RHEEM MANUFACTURING CO., UNITROL ELECTRONICS INC., and DOES 1 through 100.  The injuries and losses were suffered on December 17, 2010, when the hot water heater installed in the military housing quarters to which Plaintiff KAYNE was assigned as a military dependent, unleashed a scalding burst of water from the upstairs bathroom faucet, scalding Plaintiff KAYNE and causing second degree burns over twenty-percent of his lower body.

## **JURSIDICTION & VENUE**

2.     This Court has jurisdiction over Defendant UNITED STATES OF AMERICA under the Federal Tort Claim Act, codified in Title 28, U.S.C. § 1346(b) and 2671 through 2680.  Additionally, prior to filing this action, Plaintiff timely filed an administrative claim for damages with the United States Department of the Navy, which issued a final written denial of said claim on January 16, 2013; after which denial Plaintiff has timely filed the instant action. Therefore, the prerequisites of 28 U.S.C. § 2675(a) have been satisfied.

3.     This Court also has jurisdiction over the other Defendants in this action pursuant to the Constitution of the State of California, Article VI, § 10, as this case is not a cause given by statute to other trial courts.

4.     This Court has jurisdiction over Defendants CAMP PENDLETON & QUANTICO HOUSING LLC, LINCOLN MILITARY HOUSING LLC, RHEEM MANUFACTURING CO., UNITROL ELECTRONICS INC., and DOES 1 through 100 pursuant to Code of Civil Procedure § 410.10 by virtue of their extensive business dealings and transactions within the state of California.  Each Defendant is either a corporation or association organized under the laws of the State of California, a foreign corporation or association authorized to do business in California, or does sufficient business, has sufficient minimum contacts with or avails itself of the California market through the manufacturing, production, promotion, sale, marketing and distribution of products in California.  Exercise of jurisdiction by California courts is permissible under traditional notions of fair play and substantial justice.

5.     Venue is proper in the Southern District of California, because the suit is against the United States of America, and a substantial part of the events and omissions giving rise to the instant claim occurred in this judicial district, namely the on-base residences at Marine Corps Air Ground Combat Center (MCAGCC) Twenty-Nine Palms, California, specifically, unit 8059 E. Gypsum Court, Twenty-Nine Palms, California 92277.  (28 U.S.C. § 1391(e)(2) (2011).)

## **PARTIES**

6.     Plaintiff KAYNE McCARTY (hereinafter "KAYNE") is a United States citizen who was residing in San Bernardino County, California at the time of the subject incident but presently resides in Virginia.

7.     At all times mentioned here, Plaintiff KAYNE was the biological son of EVAN and AMANDA McCARTY.

8.     Defendant, UNITED STATES OF AMERICA (hereinafter "U.S.A."), is subject to liability in money damages caused by the negligent or wrongful acts or omissions of any Government employee while acting within the scope of his/her office of employment, under the Federal Tort Claim Act.  (28 U.S.C. § 1346(b) (2011).)  Such negligent or wrongful acts or omissions are alleged herein.

9.     On information and belief, Defendant CAMP PENDLETON & QUANTICO HOUSING (hereinafter "QUANTICO") is a foreign limited liability corporation, incorporated under the laws of Delaware, qualified to do business and doing business in San Diego County, California.

10.     On information and belief, Defendant LINCOLN MILITARY HOUSING LLC (hereinafter "LINCOLN"), is a foreign limited liability corporation, incorporated under the laws of Delaware, qualified to do business and doing business in San Diego County, California.

11.     On information and belief, Defendant RHEEM MANUFACTURING CO. (hereinafter  "RHEEM") is a foreign corporation, incorporated under the laws of Delaware, qualified to do business and doing business in San Diego County, California.

12.     On information and belief, Defendant UNITROL ELECTRONICS INC., (hereinafter "UNITROL") is a domestic corporation, incorporated under the laws of Illinois, qualified to do business and doing business in San Diego County, California.

13.     Plaintiff does not know the true names and capacities of the Defendants sued herein as DOES 1 through 100 and therefore sue these defendants by such fictitious names.  Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities of such Defendants when they have been ascertained.  Plaintiff is informed and believes, and thereon alleges, that each fictionally named Defendant(s) are responsible to Plaintiff for the injuries and

1    damages suffered and alleged herein, and are subject to the jurisdiction of this
2    Court as a necessary party for the relief herein requested.

3         14.    Plaintiff is informed and believes, and thereon alleges, that at all
4    relevant times herein, Defendants, were the agents, representatives, employees, and
5    trustees of the remaining Defendants, and in doing the things herein alleged were
6    acting in the scope of such agency, representation, and employment, and the trust
7    relationship, and the acts of the Defendants, and each other them, were known to,
8    authorized, and ratified by the remaining Defendants.

9                          **STATEMENT OF FACTS**

10        15.    At all times pertinent to this action, Plaintiff KAYNE resided with his
11   father EVAN McCARTY as his dependent-son, and his mother AMANDA
12   McCARTY in the military family housing unit located at 8059 E. Gypsum Court,
13   Twenty-Nine Palms, California 92277 (hereinafter "Residence").    Plaintiff
14   KAYNE was approximately twenty-two months old at the time of the subject
15   incident.

16        16.    At all times pertinent to this actions, Defendant, U.S.A., through its
17   agency, the United States Navy, owned, managed, operated and maintained certain
18   military housing for its service members and their dependents, known as
19   MCAGCC Twenty-Nine Palms, California including a military family housing unit
20   assigned to Plaintiff's family.

21        17.    On December 17, 2010 AMANDA McCARTY was in the kitchen of
22   their on-base residence while Plaintiff KAYNE was playing upstairs in his
23   bedroom.

24        18.    Plaintiff KAYNE emitted a scream from upstairs.  When AMANDA
25   McCARTY ran upstairs she found Plaintiff KAYNE in the bathroom sink with the
26   hot water turned on.   AMANDA McCARTY immediately removed Plaintiff
27   KAYNE from the sink and took his shirt off to check for injuries.

28

19.   AMANDA McCARTY saw that the skin on Plaintiff KAYNE's side and belly was red and peeling so she immediately carried him downstairs, called a neighbour for help, and drove him to the Naval Hospital at Twenty-Nine Palms (NHTP).  Plaintiff KAYNE was then transported to Arrowhead Regional Medical Center, Coulton, California to be treated for second-degree burns to his lower extremities.

20.   Child Protective Services (CPS), Yuca Valley California were notified the same day, December 17, 2010 for possible Child Abuse, the case was closed as of February 14, 2011 as unfounded.  Furthermore, no criminal charges were filed by the District Attorney's office against AMANDA McCARTY.

21.   An investigation conducted by the U.S. Naval Criminal Investigative Service tested the hot water temperature in the upstairs bathroom sink, at the setting base maintenance personnel turned the heater down to <u>after</u> the incident, and at the setting the water heater was at <u>prior</u> to Plaintiff KAYNE being scalded. The results showed that the hot water was reaching temperatures in excess of 140 degrees Fahrenheit at the adjusted, post-incident setting and in excess of 160 degrees Fahrenheit at setting prior to the incident.

22.   The California Legislator adopted the Uniform Plumbing Code in 1994, which outlines that hot water temperatures ought not exceed a maximum temperature of 120 degrees Fahrenheit.   At a temperature of 120 degrees Fahrenheit, it takes five minutes to receive second and third degree burns on adult skin.  At 140 degrees Fahrenheit, it takes only five seconds, and at 160 degrees Fahrenheit it takes less then half-a-second.  These burn times are accelerated even further when it comes to infants, children, and the elderly.

23.   Plaintiff is informed and believes, and thereupon alleges, that Defendants, in charge of the management, maintenance and operation of Plaintiff's residence, namely, U.S.A., CAMP PENDLETON & QUANTICO HOUSING LLC, LINCOLN MILITARY HOUSING LLC and DOES 1-50, at all pertinent

times knew or should have known that the hot water heater was producing temperatures that exceeded state guidelines of upwards of 160 degrees Fahrenheit. Despite this knowledge Defendants failed to take appropriate action to prevent the malfunction of the hot water heater installed in Plaintiff's residence (including but not limited to failing to maintain the settings within the temperature range recommended by state, city, and county statutes, ordinances and/or regulations), and also failed to warn Plaintiff of the potential for such malfunctions.

24.    As a result of these injuries, Plaintiff KAYNE suffered serious scald injuries, causing horrendous injuries, requiring extensive hospital time for skin grafts surgeries, countless hours of painful physical therapy, and will have to undergo even more extensive medical treatment as he naturally ages and grows as the required medical care for such injuries is prolonged and expensive.

## FIRST CAUSE OF ACTION

### Negligence – Against Defendants

### UNITED STATES OF AMERICA, CAMP PENDLETON & QUANTICO HOUSING LLC, LINCOLN MILITARY HOUSING LLC, DOES 1-50

25.    Plaintiff refers and incorporates by reference, as though fully set forth in full herein, each and every allegation contained in Paragraphs 1 through 24 above.

26.    Plaintiff is informed and believes, and thereupon alleges, that all times relevant hereto, Defendants U.S.A., CAMP PENDLETON & QUANTICO HOUSING LLC, LINCOLN MILITARY HOUSING LLC, and DOES 1 through 50, inclusive, were the owners, lessors, lessees, stakeholders, managers, maintainers, controllers, and/or possessors of the Residence.

27.    At all time pertinent to this action, the Defendant, through its agents and employees acting within the scope of their offices and employment, had a duty to exercise reasonable care to operate and maintain the Plaintiff's residence in such a manner as to ensure that it was reasonably safe and habitable, and that it harbored

1  no latent defects that constituted a dangerous condition and an unreasonable risk of
2  harm to the military dependents assigned to said housing unit, including Plaintiff
3  KAYNE.

4  28.  Defendants created, maintained, approved, and/or allowed to exist
5  upon the premises of the Residence a water heating system which caused or
6  allowed dangerously scalding hot water to be present in, and to emanate from, the
7  water pipes and faucets.  This scalding hot water constituted a dangerous condition
8  on property for which Defendants had a duty to protect and/or warn others coming
9  into the property.

10  29.  Plaintiff is informed and believes, and thereupon alleges, that
11  Defendants negligently allowed dangerously hot water to be provided to residents,
12  occupants and/or guests on the premises, and negligently failed to inspect and test
13  or otherwise regulate the temperature of the water that Defendants supplied or
14  allowed to be supplied to residents, occupants and/or guests of the premises.
15  Plaintiff is informed and believes, and thereupon alleges, that Defendants knew, or
16  in the exercise of reasonable care should have known, that the temperature being
17  supplied to residents, occupants and/or guests of the premises, constituted a
18  dangerous condition and an unreasonable risk of harm of which Plaintiff was at all
19  times herein unaware.  Defendants negligently failed to maintain the premises in a
20  reasonable manner to ensure the premises were safe and/or warn persons coming
21  onto the property of the dangerous condition.

22  30.  On December 17, 2010, while lawfully on the premises of the
23  Residence, Plaintiff KAYNE was scalded by hot water coming from the bathroom
24  faucet; inflicting second degree burns on twenty-percent of his lower body.

25  31.  As a direct, proximate, and legal result of the negligence, acts, and
26  omissions of Defendants, as alleged above, Plaintiff KAYNE suffered and will
27  continue to suffer damages in a sum in excess of the jurisdictional limit of this

28

1  Court, the exact amount of which is not yet known to Plaintiffs. The exact amount
2  of these damages will be proved at the time of trial.

3      32.    As a further, direct, proximate, and legal result of the above-described
4  negligence, acts, and omissions by Defendants, Plaintiff KAYNE has suffered, and
5  will continue to suffer, mental anguish and severe and physical distress. As a
6  further direct, proximate, and legal result of the negligence acts, and omissions of
7  Defendants' Plaintiff has sustained severe and permanent injuries to his health,
8  severe shock to his nervous system, and extreme physical and mental pain. The
9  exact amount of these damages is not yet known and will be proved at the time of
10 trial.

11     33.    As a further, direct, and proximate, and legal result of the above-
12 described negligent, acts and omissions by Defendants, Plaintiff was required, and
13 did, engage physicians, surgeons, and other medical personnel to treat and care for
14 Plaintiff KAYNE and incurred additional medical expenses for hospital bills and
15 other incidental medical expenses. Plaintiff is informed and believes, and
16 thereupon alleges, that he will be required to incur additional medical and sundry
17 expenses in the future. The exact amount of these damages is not yet known and
18 will be proved at the time of trial.

19                    **SECOND CAUSE OF ACTION**
20       **Negligence Per Se – California Civil Code §§ 1941, 1941.1(a)(3)**
21     **Against Defendants CAMP PENDLETON & QUANTICO HOUSING LLC,**
22        **LINCOLN MILITARY HOUSING LLC, and DOES 1-50**
23     34.    Plaintiff refers and incorporates by reference, as though fully set forth
24 in full herein, each and every allegation contained in Paragraphs 1 through 33
25 above.

26     35.    Defendants owned, controlled, maintained, and leased the subject
27 Residence occupied by Plaintiff KAYNE and his family.

28

36.   As landlords, Defendants owed a duty of implied warranty of habitability to all tenants, including Plaintiff KAYNE and his family.

37.   Plaintiff is informed and believes and thereupon alleges that Defendants owed a legal duty to Plaintiff, and all similarly situated tenants, to obey all state, city, and county statutes, ordinances, and/or regulations when constructing buildings and structures for human habitation on real property. Defendants breached that duty, causing actual damage to Plaintiff KAYNE.

38.   Plaintiff is informed and believes and thereupon alleges that the premises are in violation of the habitability requirements as articulated in California Civil Code §§ 1941, 1941.1, and 1942.4, which state that a dwelling shall be deemed untenantable if it substantially lacks certain necessities such as (i) a water supply approved under applicable laws … that produces hot and cold running water.  (Cal. Civ. Code, § 1941.1(3).)

39.   Furthermore, the Uniform Plumbing Code, adopted by the California legislature in 1994, requires that hot water temperatures at the point of use do not exceed 120 degrees Fahrenheit.  An investigation conducted after the incident revealed that the hot water temperatures in the upstairs bathroom were in excess of 160 degrees Fahrenheit when Plaintiff KAYNE was scalded.

40.   Plaintiff is informed and believes and thereupon alleges that the water heater conditions existing on the premises are in direct violation of numerous statutes, ordinances, and/or regulations and thus directly created a hazardous condition causing the premises to be untenantable, and which threatened the health and safety of the Plaintiff KAYNE and other similarly situated tenants.

41.   Defendants failed to comply with numerous state, city, and county statutes, ordinances and/or regulations, including but not limited to, California Civil Code §§ 1941 and 1941.1, and negligently created a hazardous condition causing the premises to be untenantable, and which threatened the health and safety of Plaintiff KAYNE.

42.   Defendants breached their duty owed to Plaintiff KAYNE, a lawful resident of the home, when they failed to comply with the statutory habitability standards as provided by California Civil Code §§ 1941 and 1941.1, in addition to numerous other state, city, and county statutes, ordinances, and/or regulations.

43.   As the direct and proximate result of Defendants' conduct and breach, to wit violating state, city, and county, statutes, ordinances, and regulations. Plaintiff KAYNE was harmed when he was scalded by hot water from the upstairs bathroom faucet; inflicting second degree burns on twenty-percent of his lower body.

44.   Had Defendants fulfilled their statutorily mandated duties, and ensured that the hot water did not exceed temperatures of 120 degrees Fahrenheit, Plaintiff KAYNE would not have been able to suffer the injuries sustained because of the significantly longer times required to suffer such an injury.

45.   Defendants' conduct (i) constitutes negligence, (ii) has caused Plaintiff KAYNE physical harm and bodily injury, and as such (iii) Plaintiff KAYNE is entitled to seek compensation for his damages, according to proof at trial.

46.   Plaintiff is in the class of persons, which state, city and county statutes, ordinances, and/or regulations, including, but not limited to, California Civil Code §§ 1941, 1941.1, intend to protect, and the incident and injuries sustained by Plaintiff KAYNE are of the type that these state, city, and county statutes, ordinances, and/or regulations are designed to prevent.

47.   The violation of numerous state, city and county statutes, ordinances, and/or regulations including, but not limited to California Civil Code §§ 1941 and 1941.1, by Defendant, and the resulting injuries and damages to Plaintiff KAYNE constitutes negligence per se.

48.   Plaintiff KAYNE seeks compensatory damages, costs, and attorney's fees incurred in this litigation according to proof at trial.

**THIRD CAUSE OF ACTION**

**Negligence – Non-Delegable Duty – Against Defendants**

**CAMP PENDLETON & QUANTICO HOUSING LLC, LINCOLN MILITARY HOUSING LLC, DOES 1-50**

49.   Plaintiff refers and incorporates by reference, as though fully set forth in full herein, each and every allegation contained in Paragraphs 1 through 48 above.

50.   Plaintiff is informed and believes, and thereupon alleges, that at all times relevant hereto, Defendants CAMP PENDLETON & QUANTICO HOUSING LLC, LINCOLN MILITARY HOUSING LLC, DOES 1 through 50, inclusive, leased, managed, controlled, and/or possessed the Residence.

51.   Defendants had a nondelegable basic duty of care to keep the property in a reasonably safe condition and to use reasonable care to discover any unsafe conditions, and to repair, replace, or give adequate warning of anything that could be reasonably expected to harm others.

52.   A faulty water heater, that produces temperatures far in excess of county, state, and federal regulations, has a high probability of causing harm to those who use hot water and Defendants knew, or should have known, that the water heater was in an unsafe condition.  Defendants thus breached their basic duty of care owed to Plaintiff KAYNE, as they had sole control over the water heater on the premises and failed to use reasonable care in either repairing the water heater, or warning the McCarty Family of the possibility of being harmed.

53.   As a direct, proximate, and legal cause of the negligence, acts, and omissions of Defendants, as alleged above, Plaintiff KAYNE suffered and will continue to suffer damages in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known to Plaintiffs.  The exact amount of these damages will be proved at the time of trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOURTH CAUSE OF ACTION**

**Premises Liability – Against Defendants**

**CAMP PENDLETON & QUANTICO HOUSING LLC, LINCOLN**

**MILITARY HOUSING LLC, DOES 1-50**

54.     Plaintiff refers and incorporates by reference, as though fully set forth in full herein, each and every allegation contained in Paragraphs 1 through 53 above.

55.     Plaintiff is informed and believes, and thereupon alleges, that at all times relevant hereto, Defendants CAMP PENDLETON & QUANTICO HOUSING LLC, LINCOLN MILITARY HOUSING LLC, DOES 1 through 50, inclusive, leased, managed, controlled, and/or possessed the Residence.

56.     Defendants created, maintained, approved and/or allowed to exist upon the premises of the Residence a water heating system which caused or allowed dangerously scalding hot water to be present in, and to emanate from, the water pipes and faucets.  This scaling hot water constituted a dangerous condition on property for which Defendants had a duty to protect and/or warn others coming onto the property.

57.     On December 17, 2010, while lawfully on the premises of the Residence, Plaintiff KAYNE was scalded by hot water coming from the bathroom faucet; inflicting second degree burns on twenty-percent of his lower body.

58.     Plaintiff is informed and believes, and thereupon alleges, that on or before December 17, 2010, Defendants negligently owned, leased, maintained, managed, controlled and/or possess the Premises.  Plaintiff is informed and believes, and thereupon alleges, that Defendants knew, or in the exercise of reasonable care should have known, that scalding hot water in the pipes and faucets located on the Premises constituted a dangerous condition and an unreasonable risk of harm of which Plaintiffs were at all times herein unaware.

Defendants negligently failed to take steps to either make the dangerous condition safe or warn Plaintiffs of the dangerous condition, all of which caused Plaintiff KAYNE to suffer the injuries and damages described herein.

59.    As a direct, proximate, and legal cause of the negligence, acts, and omissions of Defendants, as alleged above, Plaintiff KAYNE suffered and will continue to suffer damages in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known to Plaintiffs.  The exact amount of these damages will be proved at the time of trial.

**FIFTH CAUSE OF ACTION**

**Strict Products Liability – Against Defendants**

**RHEEM MANUFACTURING CO., UNITROL ELECTRONICS INC., and DOES 51 through 100**

60.    Plaintiff refers and incorporates by reference, as though fully set forth in full herein, each and every allegation contained in Paragraphs 1 through 59 above.

61.    At all times relevant hereto, Defendants DOES 51 through 100 were manufacturers, distributors, wholesalers, retailers, or subsidiaries, divisions, or parents of the manufacturers, distributors, wholesalers and/or retailers of hot water heaters and the specific hot water heater on the premises of the Residence, which hot water was involved in the incident giving rise to this Complaint (hereinafter "the subject hot water heater".)

62.    Defendants manufactured, fabricated, designed, assembled, marketed, warranted, modified, altered, controlled, entrusted, managed, maintained, advertised and/or otherwise placed in the stream of commerce the subject hot water heater, including all component parts thereof, which contained design and/or manufacturing defects that were capable of causing, and did cause, personal injuries to the users, consumers, and bystanders thereof, while being used in a

reasonable foreseeable manner, thereby rendering the subject hot water heater unsafe and dangerous for use by such users, consumers, and bystanders.

63.   Plaintiff is informed and believes, and thereupon alleges, that at all relevant times hereto, the subject hot water heater, including all or some component parts, were defective when placed in the stream of commerce by Defendants and was of such a nature that the defects when placed in the stream of commerce by Defendants and was of such a nature that the defects would not be discovered in the normal course of inspection and/or use by users or consumers of the subject matter hot water heater.

64.   Plaintiff is informed and believes, and thereupon alleges, that at the time of the incident, Plaintiff was using the subject hot water heater, including component parts, in a manner that was reasonably foreseeable to Defendants.  As Plaintiff was using, the subject hot water heater, it emanated scalding hot water from the faucet on the premises of the Residence causing severe burns to Plaintiff KAYNE.

65.   As a direct, proximate, and legal result of the negligence, acts, and omissions of Defendants, as alleged above, Plaintiff KAYNE suffered and will continue to suffer damages in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known to Plaintiffs.  The exact amount of these damages will be proved at the time trial.

66.   As a further, direct, proximate, and legal result of the above-described negligence, acts and omissions by Defendants, Plaintiff KAYNE was required to, and did engage physicians, surgeons, and other medical personnel to treat and care for Plaintiff KAYNE and incurred additional medical expenses for hospital bills and other incidental medical expenses.  Plaintiff is informed and believes, and thereupon alleges, that he will be required to incur additional medical and sundry expenses in the future.  The exact amount of these damages is not yet known and will be proved at the time of trial.

67.    In doing the things herein alleged, Defendants acted with malice, oppression and/or fraud, as well as with willful and conscious disregard for the rights and safety of others, including Plaintiff.   As such, the conduct of these Defendants merits the imposition of punitive or exemplary damages pursuant to Civil Code § 3294.

## SIXTH CAUSE OF ACTION

### Breach of Warranty – Against Defendants

### RHEEM MANUFACTURING CO., UNITROL ELECTRONICS INC., and DOES 51 through 100

68.    Plaintiff refers and incorporates by reference, as though fully set forth in full herein, each and every allegation contained in Paragraphs 1 through 67 above.

69.    Plaintiff is informed and believes, and thereupon alleges, that at all times relevant hereto Defendant DOES 51 through 100 expressly or impliedly warranted to the consuming public that the subject hot water heater, including all component parts, was of merchantable quality, fit for the purpose for which is was to be used, and free from design and/or manufacturing defects.

70.    Plaintiff is informed and believes, and thereupon alleges, that at all times relevant hereto, the subject hot water heater was not of merchantable quality, fit for the purpose for which is was to be used, and/or free from design and/or manufacturing defects.  Plaintiff is informed and believes, and thereupon alleges, that at all times relevant hereto the subject hot water heater was defectively manufactured and/or designed and imminently dangerous to users, consumers, and bystanders in that it was capable of causing and, in fact, did cause, personal injuries to users, consumers and bystanders, while being used in a manner reasonably foreseeable, thereby rendering the subject hot water heater unsafe and dangerous for use by users, consumers or bystanders.

71.   On December 17, 2010, while lawfully on the premises of the Residence, Plaintiff KAYNE was scalded by hot water coming from the bathroom faucet; inflicting second degree burns on twenty-percent of his lower body.

72.   As a direct, proximate, and legal result of the negligence, acts, and omissions of Defendants, as alleged above, Plaintiff KAYNE suffered and will continue to suffer damages in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known to Plaintiff.  The exact amount of these damages will be proved at the time of trial.

73.   As a further, direct, proximate, and legal result of the above-described negligence, acts and omissions by Defendants, Plaintiff has suffered, and will continue to suffer, mental anguish and severe and physical distress. As a further direct, proximate, and legal result of the negligence, acts and omissions of Defendants, Plaintiff KAYNE has sustained severe and permanent injuries to his health, severe shock to his nervous system, and extreme physical and mental pain. The exact amount of these damages is not yet known and will be proved at the time of trial.

74.   As a further direct, proximate and legal result of the above-described negligence, acts and omissions by Defendants, Plaintiff was required to, and did, engage physicians, surgeons, and other medical personnel to treat and care for Plaintiff KAYNE and incurred additional medical expenses for hospital bills and other incidental medical expenses.  Plaintiff is informed and believes, and thereupon alleges, that he will be required to incur additional medical and sundry expenses in the future.  The exact amount of these damages is not yet known and will be proved at the time of trial.

75.   In doing the things herein alleged, Defendants acted with malice, oppression and/or fraud, as well as with willful and conscious disregard for the rights and safety of others, including Plaintiff.  As such, the conduct of these

Defendants merits the imposition of punitive or exemplary damages pursuant to Civil Code Section 3294.

<u>**SEVENTH CAUSE OF ACTION**</u>

**Design Defect – Against Defendants RHEEM MANUFACTURING CO.,**

**UNITROL ELECTRONICS INC., and DOES 51 through 100**

76.    Plaintiff refers and incorporates by reference, as though fully set forth in full herein, each and every allegation contained in Paragraphs 1 through 75 above.

77.    Plaintiff is informed and believes, and thereupon alleges, that Defendants DOES 51 through 100, are and were at all times relevant hereto, designers, contractors, developers, and/or constructors of the Residence and are engaged in the business of designing, contracting, developing and/or constructing buildings and dwellings.

78.    Plaintiff is informed and believes, and thereupon alleges, that Defendants did so negligently design, contract, develop and/or construct the Residence with a defective and dangerous water circulatory system that allows scaling hot water to emanate from faucets.  Plaintiff is informed and believes, and thereupon alleges, that Defendants knew, or should have known, that the design, development and/or construction of the water circulatory systems on the premises of the Residence posed a substantial risk of harm of injury to others which would not be apparent by reasonable inspection to occupants and/or users of the premises and know that alternative, safer designs, methods, and/or construction of the water circulatory system were readily available.  Defendants breached a duty to provide safe, habitable premises by, among other things, failing to utilize safe designs, methods, developments, and/or construction and/or failing to warn of the dangerous nature of the water circulatory system, causing Plaintiff KAYNE to sustain sever injuries.

79. On December 17, 2010, while lawfully on the premises of the Residence, Plaintiff KAYNE was scalded by hot water coming from the bathroom faucet; inflicting second degree burns on twenty-percent of his lower body.

80. As a direct, proximate, and legal result of the negligence, acts, and omissions of Defendants, as alleged above, Plaintiff KAYNE suffered and will continue to suffer damages in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known to Plaintiff. The exact amount of these damages will be proved at the time of trial.

81. As a further, direct, proximate, and legal result of the above-described negligence, acts and omissions by Defendants, Plaintiff has suffered, and will continue to suffer, mental anguish and severe and physical distress. As a further direct, proximate, and legal result of the negligence, acts and omissions of Defendants, Plaintiff KAYNE has sustained severe and permanent injuries to his health, severe shock to his nervous system, and extreme physical and mental pain. The exact amount of these damages is not yet known and will be proved at the time of trial.

82. As a further direct, proximate and legal result of the above-described negligence, acts and omissions by Defendants, Plaintiff was required to, and did, engage physicians, surgeons, and other medical personnel to treat and care for Plaintiff KAYNE and incurred additional medical expenses for hospital bills and other incidental medical expenses. Plaintiff is informed and believes, and thereupon alleges, that he will be required to incur additional medical and sundry expenses in the future. The exact amount of these damages is not yet known and will be proved at the time of trial.

83. In doing the things herein alleged, Defendants acted with malice, oppression and/or fraud, as well as with willful and conscious disregard for the rights and safety of others, including Plaintiff. As such, the conduct of these

1  Defendants merits the imposition of punitive or exemplary damages pursuant to

2  Civil Code Section 3294.

3  **EIGHTH CAUSE OF ACTION**

4  **Negligence – Against Defendants**

5  **RHEEM MANUFACTURING CO., UNITROL ELECTRONICS INC., and**

6  **DOES 51 through 100**

7  84.   Plaintiff refers and incorporates by reference, as though fully set forth

8  in full herein, each and every allegation contained in Paragraphs 1 through 78

9  above.

10  85.   Plaintiff is informed and believes, and thereupon alleges, that at all

11  times relevant hereto, RHEEM MANUFACTURING CO., UNITROL

12  ELECTRONICS INC., and DOES 51 through 100 were engaged in the business of

13  manufacturing, fabricating, designing, assembling, distributing, buying, selling,

14  inspecting, testing, analyzing, servicing, repairing, marketing, warranting,

15  maintaining, modifying, altering, controlling, installing, fitting, entrusting,

16  managing, advertising, supervising the use of, making representations about and/or

17  warning of defects in, or dangers associated with the use of, the subject hot water

18  heater, including all component parts, and had a duty to manufacture, fabricate,

19  design, assemble, distribute, buy, sells inspect, test analyze, service, repair, market,

20  warrant, maintain, modify, alter, control, install, fit, entrust, manage, advertise,

21  supervise the use of, make representations about and/or warning of defects in, or

22  dangers associated with the use of, the subject hot water heater, including all

23  component parts, in a reasonable manner, which Defendants knew, or should have

24  known in the exercise of reasonable care should have known, would be used

25  without inspection for defects and dangers.

26  86.   Plaintiff is informed and believes, and thereupon alleges, that at all

27  times relevant hereto, Defendants breached their above-mentioned duties by

28  negligently, recklessly, and/or carelessly manufacturing, fabricating, designing,

assembling, distributing, buying, selling, inspecting, testing, analyzing, servicing, repairing, marketing, warranting, maintaining, modifying, altering, controlling, installing, fitting, entrusting, managing, advertising, supervising the use of, making representations about and/or warning of defects in, or dangers associated with the use of, the subject hot water heater, including all component parts, thereby rendering the subject hot water heater unsafe and dangerous for use by users, consumers, and bystanders, which proximately caused the injuries to Plaintiff as alleged herein.

87.    On December 17, 2010, while lawfully on the premises, Plaintiff KAYNE was scalded by hot water coming from the bathroom faucet; inflicting second degree burns on twenty-percent of his lower body.

88.    As a direct, proximate, and legal result of the negligence, acts, and omissions of Defendants, as alleged above, Plaintiff KAYNE suffered and will continue to suffer damages in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known to Plaintiff.  The exact amount of these damages will be proved at the time of trial.

89.    As a further, direct, proximate, and legal result of the above-described negligence, acts and omissions by Defendants, Plaintiff has suffered, and will continue to suffer, mental anguish and severe and physical distress. As a further direct, proximate, and legal result of the negligence, acts and omissions of Defendants, Plaintiff KAYNE has sustained severe and permanent injuries to his health, severe shock to his nervous system, and extreme physical and mental pain. The exact amount of these damages is not yet known and will be proved at the time of trial.

90.    As a further direct, proximate and legal result of the above-described negligence, acts and omissions by Defendants, Plaintiff was required to, and did, engage physicians, surgeons, and other medical personnel to treat and care for Plaintiff KAYNE and incurred additional medical expenses for hospital bills and

other incidental medical expenses.   Plaintiff is informed and believes, and thereupon alleges, that he will be required to incur additional medical and sundry expenses in the future.  The exact amount of these damages is not yet known and will be proved at the time of trial.

## NINTH CAUSE OF ACTION

(Negligent Infliction of Emotional Distress –
Against All Defendants.)

91.   Plaintiff refers and incorporates by reference, as though fully set forth in full herein, each and every allegation contained in Paragraphs 1 through 85 above.

92.   Defendants knew, or should have known, that by putting their defective design, development, and/or construction of the water circulatory system on the premises of the Residence and/or defective hot water heater on the premises and/or failing to make the Residence safe and/or warn of dangerous condition on the premises, could result in injuries and damages to members of the general public, including Plaintiff KAYNE which in turn would cause Plaintiff severe emotional distress.

93.   As a direct, proximate, and legal result of the negligence, acts, and omissions of Defendants, Plaintiff KAYNE has been harmed in that he has suffered and will continue to suffer mental anguish and severe emotional and physical distress.  Said damages are in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known but which amount will be proved at the time of trial.

94.   As a further direct, proximate, and legal result of the negligence, acts, and omissions of Defendants, Plaintiff KAYNE has suffered severe and permanent injuries to his health and severe shock to his nervous system and was caused to

suffer extreme mental pain.  The exact amount of these damages is not yet known and will be proved at the time of trial.

95.    As a further, direct, proximate, and legal result of the above-described negligence, acts, and omissions by Defendants, Plaintiff KAYNE was required to, and did, engage physicians, surgeons, and other medical personnel to treat and care for Plaintiff KAYNE and incurred additional medical expenses for hospital bills and other incidental medical expenses.  Plaintiff is informed and believes, and thereupon alleges, that they will be required to incur additional medical and sundry expenses in the future.  The exact amount of these damages is not yet known and will be proved at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

(1)  For general, compensatory, and incidental damages in excess of the jurisdictional limits of this Court in an amount according to proof;

(2)  For all special damages, including, but not limited to, past and future medical expenses, in an amount according to proof;

(3)  For costs of the suit herein;

(4)  For prejudgment interest as permitted by law; and

(5)  For such other and further relief as the Court deems proper.

//
//
//
//
//
//

## **JURY TRIAL DEMAND**

Plaintiff hereby respectfully demands a jury trial on all causes of action for which a jury is permitted by law.

Respectfully Submitted,

Dated:  July 9, 2013       By:  _____

GERALD SINGLETON
TERRY SINGLETON
Attorneys for Plaintiff KAYNE McCARTY