**GRIMM VRANJES & GREER LLP**
MARK VRANJES, Esq. (SBN 106447)
RYAN R. FICK, Esq. (SBN 251147)
550 West C Street, Suite 1100
San Diego, CA 92101-3532
Tel: (619) 231-8802 Fax: (619) 233-6039

Attorneys for Defendants
CAMP PENDLETON & QUANTICO HOUSING, LLC; LINCOLN MILITARY HOUSING, LLC.; and UNITED STATES OF AMERICA

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAYNE MCCARTY, a minor, by and through his Guardian ad Litem, AMANDA MCCARTY<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, CAMP PENDLETON & QUANTICO HOUSING LLC, LINCOLN MILITARY HOUSING CO., RHEEM MANUFACTURING CO., UNITROL ELECTRONICS INC., DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 13CV1602 BTM WMC<br><br>**DEFENDANT UNITED STATES OF AMERICA'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; REQUEST FOR JURY TRIAL**<br><br>Judge: Hon. Barry T. Moskowitz<br>Suite 5160 – Courtroom 15B<br>(15th Floor – Annex)<br>Complaint Filed: July 10, 2013<br>Trial Date: N/A |

Defendant UNITED STATES OF AMERICA (hereinafter "Defendant") for itself and no other defendant hereby submits the following Answer to Plaintiff's Second Amended Complaint for Damages ("Second Amended Complaint") of Plaintiff KAYNE McCARTY, a minor by and through his Guardian ad Litem Amanda McCarty (hereinafter "McCarty").

## INTRODUCTION

1. Answering Paragraph 1 of the Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1, and therefore denies the same.

## JURISDICTION & VENUE

2. Paragraph 2 of the Second Amended Complaint states conclusions of law to which no answer is required. To the extent an answer is necessary, Paragraph 2 is denied.

3. Paragraph 3 of the Second Amended Complaint states conclusions of law with respect to this Court's jurisdiction to which no answer is required. To the extent an answer is necessary, Paragraph 3 is denied.

4. Paragraph 4 of the Second Amended Complaint states conclusions of law with respect to this Court's jurisdiction to which no answer is required. To the extent an answer is necessary, Paragraph 4 is denied.

5. Paragraph 5 of the Second Amended Complaint states conclusions of law to which no answer is required. To the extent an answer is required, Paragraph 5 is denied.

## PARTIES

6. Answering Paragraph 6 of the Second Amended Complaint, Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the allegations are denied.

7. Answering Paragraph 7 of the Second Amended Complaint, Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the allegations are denied.

8. Answering Paragraph 8 of the Second Amended Complaint, states conclusions of law to which no answer is required. To the extent an answer is required, Paragraph 8 is denied.

9. Answering Paragraph 9 of the Second Amended Complaint, Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the

allegations are denied.

10. Answering Paragraph 10 of the Second Amended Complaint, Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the allegations are denied.

11. Answering Paragraph 11 of the Second Amended Complaint, Defendant alleges that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the allegations are denied.

12 Answering Paragraph 12 of the Second Amended Complaint, Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the allegations are denied.

13. Answering Paragraph 13 of the Second Amended Complaint, Defendant alleges that, because the Doe defendants 1 through 100 have not been identified, it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the allegations are denied.

14. Paragraph 14 of the Second Amended Complaint states conclusions of law to which no answer is required. To the extent an answer is necessary, Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the allegations are denied.

## **STATE OF FACTS**

15. Answering Paragraph 15 of the Second Amended Complaint, Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the allegations are denied.

16. Answering Paragraph 16 of the Second Amended Complaint, Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the allegations are denied.

17. Answering Paragraph 17 of the Second Amended Complaint, Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the allegations are denied.

18. Answering Paragraph 18 of the Second Amended Complaint, Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the allegations are denied.

19. Answering Paragraph 19 of the Second Amended Complaint, Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the allegations are denied.

20. Answering Paragraph 20 of the Second Amended Complaint, Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the allegations are denied.

21. Paragraph 21 of the Second Amended Complaint states conclusions of law to which no answer is required. To the extent an answer is necessary, Paragraph 22 is denied.

22. Paragraph 22 of the Second Amended Complaint states conclusions of law to which no answer is required. To the extent an answer is necessary, Paragraph 22 is denied.

23. Paragraph 23 of the Second Amended Complaint states conclusions of law to which no answer is required. To the extent an answer is necessary,

Paragraph 23 is denied.

26. Answering Paragraph 24 of the Second Amended Complaint, Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the allegations are denied.

## FIRST CAUSE OF ACTION

## Negligence – Against Defendants

## UNITED STATES OF AMERICA, CAMP PENDLETON & QUANTICO HOUSING LLC, LINCOLN MILITARY HOUSING LLC, DOES 1-50

25. Answering Paragraph 25 of the Second Amended Complaint, Defendant re-alleges Paragraphs 1 through 24 of its answers to Paragraphs 1 through 24 of the Second Amended Complaint, and by this reference incorporates them herein as through set forth in full.

26. Paragraph 26 of the Second Amended Complaint states conclusions of law to which no answer is required. To the extent an answer is necessary, Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the allegations are denied.

27. Paragraph 27 of the Second Amended Complaint states conclusions of law to which no answer is required. To the extent an answer is necessary, Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the allegations are denied.

28. Paragraph 28 of the Second Amended Complaint states conclusions of law to which no answer is required. To the extent an answer is necessary, the allegations are denied.

29. Paragraph 29 of the Second Amended Complaint states conclusions of law to which no answer is required. To the extent an answer is necessary, the

allegations are denied.

30. Paragraph 30 of the Second Amended Complaint states conclusions of law to which no answer is required. To the extent an answer is necessary, the allegations are denied.

31. Paragraph 31 of the Second Amended Complaint states conclusions of law to which no answer is required. To the extent an answer is necessary, Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the allegations are denied.

32. Paragraph 32 of the Second Amended Complaint states conclusions of law to which no answer is required. To the extent an answer is necessary, Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the allegations are denied.

33. Paragraph 33 of the Second Amended Complaint states conclusions of law to which no answer is required. To the extent an answer is necessary, Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the allegations are denied.

34. Paragraph 34 of the Second Amended Complaint states conclusions of law to which no answer is required. To the extent an answer is necessary, Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the allegations are denied.

//
//
//
//

# SECOND CAUSE OF ACTION

## Premises Liability – Against Defendants

## CAMP PENDLETON & QUANTICO HOUSING LLC, LINCOLN MILITARY HOUSING LLC, and DOES 1-50

35. Answering Paragraph 35 of the Second Amended Complaint, Defendant re-alleges Paragraphs 1 through 34 of its answers to Paragraphs 1 through 34 of the Second Amended Complaint, and by this reference incorporates them herein as through set forth in full.

36. Paragraph 36 of the Second Amended Complaint states conclusions of law to which no answer is required. To the extent an answer is necessary, Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the allegations are denied.

37. Paragraph 37 of the Second Amended Complaint states conclusions of law to which no answer is required. To the extent an answer is necessary, the allegations are denied.

38. Paragraph 38 of the Second Amended Complaint states conclusions of law to which no answer is required. To the extent an answer is necessary, Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the allegations are denied.

39. Paragraph 39 of the Second Amended Complaint states conclusions of law to which no answer is required. To the extent an answer is necessary, the allegations are denied.

40. Paragraph 40 of the Second Amended Complaint states conclusions of law to which no answer is required. To the extent an answer is necessary, Defendant alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore the

7
Defendant United States of America's Answer to Plaintiff's Second Amended Complaint; Request for Jury Trial

allegations are denied.

## THIRD CAUSE OF ACTION

### Strict Products Liability – Against Defendants RHEEM MANUFACTURING CO., ROBERTSHAW CONTROLS CO., and DOES 51 through 100

41. Answering Paragraph 41 of the Second Amended Complaint, Defendant re-alleges Paragraphs 1 through 39 of its answers to Paragraphs 1 through 39 of the Second Amended Complaint, and by this reference incorporates them herein as through set forth in full.

42. Answering Paragraph 42 of the Second Amended Complaint, Defendant alleges that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

43. Answering Paragraph 43 of the Second Amended Complaint, Defendant alleges that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

44. Answering Paragraph 44 of the Second Amended Complaint, Defendant alleges that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

45. Answering Paragraph 45 of the Second Amended Complaint, Defendant alleges that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

46. Answering Paragraph 46 of the Second Amended Complaint, Defendant alleges that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent

an answer is required, the allegations are denied.

47. Answering Paragraph 47 of the Second Amended Complaint, Defendant alleges that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

48. Answering Paragraph 48 of the Second Amended Complaint, Defendant alleges that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

## **FOURTH CAUSE OF ACTION**

**Breach of Warranty – Against Defendants**

**RHEEM MANUFACTURING CO., ROBERTSHAW CONTROLS CO.,**

**and DOES 51 through 100**

49. Answering Paragraph 49 of the Second Amended Complaint, Defendant re-alleges Paragraphs 1 through 48 of its answers to Paragraphs 1 through 48 of the Second Amended Complaint, and by this reference incorporates them herein as through set forth in full.

50. Answering Paragraph 50 of the Second Amended Complaint, Defendant allege that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

51. Answering Paragraph 51 of the Second Amended Complaint, Defendant allege that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

52. Answering Paragraph 52 of the Second Amended Complaint, Defendant allege that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent

an answer is required, the allegations are denied.

53. Answering Paragraph 53 of the Second Amended Complaint, Defendant allege that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

54. Answering Paragraph 54 of the Second Amended Complaint, Defendant allege that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

55. Answering Paragraph 55 of the Second Amended Complaint, Defendant allege that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

56. Answering Paragraph 56 of the Second Amended Complaint, Defendant allege that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

## FIFTH CAUSE OF ACTION

### Design Defect – Against Defendants RHEEM MANUFACTURING CO., CONTROLS CO. and DOES 51 through 100

57. Answering Paragraph 57 of the Second Amended Complaint, Defendant re-allege Paragraphs 1 through 56 of its answers to Paragraphs 1 through 56 of the Second Amended Complaint, and by this reference incorporates them herein as through set forth in full.

58. Answering Paragraph 58 of the Second Amended Complaint, Defendant allege that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

59. Answering Paragraph 59 of the Second Amended Complaint, Defendant allege that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

60. Answering Paragraph 60 of the Second Amended Complaint, Defendant allege that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

61. Answering Paragraph 61 of the Second Amended Complaint, Defendant allege that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

62. Answering Paragraph 62 of the Second Amended Complaint, Defendant allege that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

63. Answering Paragraph 63 of the Second Amended Complaint, Defendant allege that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

64. Answering Paragraph 64 of the Second Amended Complaint, Defendant allege that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

//
//
//
//

# SIXTH CAUSE OF ACTION

## Negligence – Against Defendants

## RHEEM MANUFACTURING CO., ROBERTSHAW CONTROLS CO., and DOES 51 through 100

65. Answering Paragraph 65 of the Second Amended Complaint, Defendant re-alleges Paragraphs 1 through 64 of its answers to Paragraphs 1 through 64 of the Second Amended Complaint, and by this reference incorporates them herein as through set forth in full.

66. Answering Paragraph 66 of the Second Amended Complaint, Defendant alleges that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

67. Answering Paragraph 67 of the Second Amended Complaint, Defendant alleges that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

68. Answering Paragraph 68 of the Second Amended Complaint, Defendant alleges that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

69. Answering Paragraph 69 of the Second Amended Complaint, Defendant alleges that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

70. Answering Paragraph 70 of the Second Amended Complaint, Defendant alleges that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

71. Answering Paragraph 71 of the Second Amended Complaint, Defendant alleges that no answer is required to said paragraph inasmuch as there are no charging allegations directed to the answering Defendant. To the extent an answer is required, the allegations are denied.

## **PRAYER**

WHEREFORE, Defendant prays that Plaintiff take nothing by reason of her suit herein, that judgment be rendered in favor of said Defendant, for costs of suit herein, and for such other and further relief as this court may deem proper.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

**(Failure to State Cause of Action)**

1. Defendant alleges that the Second Amended Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## **SECOND AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

2. Defendant alleges that if plaintiff suffered any injuries or damages, said injuries, or damages were proximately caused by the negligence, fault, breach of contract, strict liability and/or carelessness of the plaintiff and others, and that negligence, fault, breach of contract, strict liability and/or carelessness reduces the percentage of any liability by Defendant, if found, and for which liability Defendant expressly deny.

## **THIRD AFFIRMATIVE DEFENSE**

**(Contributory Negligence)**

3. Defendant alleges that if plaintiff suffered any injuries or damages, said injuries, or damages were proximately caused by plaintiff's own failure to exercise ordinary care, caution or prudence to avoid the incidents complained of herein and the injuries and damages, if any, allegedly sustained by plaintiff were

directly and proximately caused and contributed to by the carelessness and negligence of plaintiff and others, and not by Defendant.

## FOURTH AFFIRMATIVE DEFENSE
### (Superseding Acts or Omissions)

4.     Defendants allege that no act or omission of Defendant was a substantial cause of bringing about the occurrence referred to in the Second Amended Complaint, or any injury, damage or loss to plaintiff, nor was any act or omission of Defendant a contributing cause thereof, and any act or omission of Defendant was superseded by the acts or omissions of the plaintiff, or by the acts or omissions of other persons, which acts or omissions were the independent, intervening and proximate cause of the accident and damage alleged in this action.

## FIFTH AFFIRMATIVE DEFENSE
### (Contribution/Equitable Indemnity)

5.     Defendant is not legally liable for the loss and damages alleged by plaintiff, if any, but if a court or jury finds that Defendant contributed in some fashion to the injuries, loss and damages alleged by plaintiff, Defendant is informed and believe, and thereupon allege, that any such contribution is secondary and of a lesser kind, whereas the fault and liability of others is primary, active and gross, thereby barring or reducing proportionately plaintiff's recovery herein from Defendant under principles of equitable indemnity and comparative contribution.

## SIXTH AFFIRMATIVE DEFENSE
### (Assumption of the Risk)

6.     Defendants are informed and believe and thereupon allege that the plaintiff knowingly and voluntarily assumed all risk, perils and danger in respect to the operation or use of the product involved, that the perils, risk or dangers were open, obvious and known to plaintiff and to persons whose knowledge is

imputed to plaintiff, who nevertheless conducted themselves in a manner so as to expose themselves and others to said perils, dangers and risks, thus assuming all risk and harm attendant to the use and operation of the product. Plaintiff's voluntary assumption of the risk is such that it should bar plaintiff's recovery from Defendant or, in the alternative, should reduce plaintiff's right of recovery from Defendant in an amount equivalent to plaintiff's percentage of fault.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7. Defendant alleges that plaintiff's acts or omissions constitute a waiver of any and all causes of action asserted against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

8. Defendant alleges that plaintiff's acts or omissions result in an estoppel, precluding plaintiff from asserting any and all causes of action against Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

9. Defendant is informed and believe and thereon allege that the plaintiff's Second Amended Complaint is barred by application of the statute of limitations, including, but not limited to, California Code of Civil Procedure § 335.1, 338, and 343. Further, Defendant is informed and believe and thereon allege that plaintiff's Second Amended Complaint is barred by application of the statute of limitations, including, but not limited to U.S.C. §§ 2401, 2675.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

10. Defendant is informed and believe and thereon allege that plaintiff has failed to mitigate some or all of his alleged damages that plaintiff contends he suffered, and that plaintiff is therefore barred from any recovery whatsoever,

or alternatively, any damages found must be reduced in proportion to such failure to mitigate.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Due Care and Diligence)

11. Defendant alleges that they exercised due care and diligence in all of the matters alleged in the Second Amended Complaint and that no act or omission by Defendant were the proximate cause of any damages, injury or loss to plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE
### (Sole Liability of Others)

12. Defendant alleges that if there was any negligence or other form of liability on the part of any other party named herein, it was the sole and exclusive negligence and liability of the other persons or entities and not of Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Unusual Susceptibility)

13. Defendant alleges that any injuries or damages as alleged by plaintiff were proximately caused or contributed to by plaintiff's unforeseeable idiosyncratic condition, unusual susceptibility, or hypersensitive reactions for which Defendant is not liable.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Present Claim)

14. Defendant allege that plaintiff's tort claims are statutorily barred due to failure to present the claim in compliance with 28 USC §§ 1346(b), 2671-2680.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Failure to Present Claim)

15. Defendants allege that plaintiff's tort claims are barred due to failure to set forth factual circumstances in a written claim that correspond to facts

alleged in the Second Amended Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(Waiver of Defect)**

16. Defendant alleges that plaintiff's Second Amended Complaint is barred by waiver of the alleged defects on the subject premises pursuant to Page 3, Paragraph 6, of the Subject Lease Agreement. Said Paragraph states as follows:

> <u>Condition of Premises Upon Commencement Date</u>. Either Owner or Resident may request and conduct a joint walk-through inspection of the Premises within three (3) Business Days of Resident first taking occupancy to determine the condition of the Premises . . . Resident must provide to Owner in writing within two (2) Business days after taking occupancy or the walk-through, whichever is later, a description and request for repairs of any defects or damage to the Premises, including any furniture, furnishing, appliances, landscaping and fixtures. Otherwise, the Premises will be considered to be clean, safe and in good working condition . . .

## SEVENTEENTH AFFIRMATIVE DEFENSE

**(Waiver of Liability and Hold Harmless Agreement)**

17. Defendant alleges that plaintiff's Second Amended Complaint is barred pursuant to Page 4, Paragraph 17 of the Subject Lease Agreement. Said Paragraph states as follows:

> <u>Hold Harmless</u>. Resident agrees that Owner, Agent and their representatives do not guarantee, warrant or assure the personal security of Resident or other occupants. Owner and Agent shall not be liable for death, losses, or damages to person or property of Resident, Resident's guests or occupants, caused by theft, burglary, rape, assault, battery, arson, mischief, war, terrorism, vandalism, fire, smoke (including second-hand smoke from other residences), water, lightning, rain, flood, hail, explosion, sonic boom, interruption of, or spike in, utilities, electrical shock, latent defects, acts of nature or unexplained

17
Defendant United States of America's Answer to Plaintiff's Second Amended Complaint; Request for Jury Trial

> phenomena, lack of access to land under the control of the Federal Government, acts of other Residents, occupants or guests or from any cause other than Owner's or Agent's gross negligence or willful misconduct or as otherwise provided by law. Except with respect to liability of Owner or Agent arising under law, Resident will indemnify and hold harmless Owner, Agent and their representatives from any and all liability including attorneys' fees due to death, loss or damage to the person or property of the Resident, occupants or others present at the Community with the Resident's consent from any cause other than Owner's or Agent's gross negligence or willful misconduct, and from any liabilities arising as the result of acts or omissions of the Resident, occupants or others present at the Community with Resident's consent.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Discretionary Function Exception)

18. Defendant alleges that plaintiff's Second Amended Complaint is barred by the discretionary function exception pursuant to 28 U.S.C. § 2680 and Cal. Gov. Code § 820.2.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Government Contractor Defense)

19. Defendant alleges that plaintiff's Second Amended Complaint is barred by the federal government contractor defense shielding contractors from liability alleged in plaintiff's Second Amended Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

### (*Feres* Doctrine)

20. Defendant alleges that plaintiff's Second Amended Complaint is barred by the *Feres* Doctrine.

## TWENTY FIRST AFFIRMATIVE DEFENSE

### (Sovereign Immunity)

21. Defendant alleges that plaintiff's Second Amended Complaint is barred by Defendant's sovereign immunity pursuant to 28 USC §§ 1346(b),

2671-2680 and Cal. Gov. Code § 815.

## TWENTY SECOND AFFIRMATIVE DEFENSE
### (Independent Contractor Exception)

22. Defendant alleges that plaintiff's Second Amended Complaint is barred by Defendant's immunity for injuries caused by independent contractors pursuant to Cal. Gov. Code § 815.4 and 28 U.S.C. § 2671.

## TWENTY THIRD AFFIRMATIVE DEFENSE
### (Immunity Pursuant to Cal. Gov. Code § 818.6)

23. Defendant alleges that plaintiff's Second Amended Complaint is barred by Defendant's immunity for injuries allegedly caused by an employee of a public entity for which the employee is also immune from liability.

## TWENTY FOURTH AFFIRMATIVE DEFENSE
### (Immunity Pursuant to Cal. Gov. Code § 815.2)

24. Defendant alleges that plaintiff's Second Amended Complaint is barred by Defendant's immunity for injuries allegedly caused by any failure to make an inspection, or by reason of making an inadequate or negligent inspection of the subject property.

## TWENTY FIFTH AFFIRMATIVE DEFENSE
### (Right to Amend)

25. Defendant reserves the right to assert any and all additional defenses that arise during the course of this litigation and reserve the right to amend their answer to assert such defenses.

//
//
//
//
//
//

## **REQUEST FOR TRIAL BY JURY**

Defendant hereby demands a trial by jury of the above-captioned matter on all claims so triable.

Dated: January 29, 2014          GRIMM, VRANJES & GREER, LLP

                                 */s/ Mark Vranjes*
                           By: _____
                                 Mark Vranjes
                                 Ryan R. Fick
                                 Attorneys for Defendants
                                 CAMP PENDLETON & QUANTICO
                                 HOUSING, LLC; LINCOLN
                                 MILITARY HOUSING, LLC.; and
                                 UNITED STATES OF AMERICA

ans plf 2nd amd cmplt (01417914).DOCX