# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYNE MCCARTY, a minor, by and through his Guardian ad Litem, AMANDA McCARTY,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, CAMP PENDLETON & QUANTICO HOUSING LLC, LINCOLN MILITARY HOUSING CO., RHEEM MANUFACTURING CO., UNITROL ELECTRONICS INC., ROBERTSHAW CONTROLS CO., DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 13cv1602-LAB (JLB)<br><br>**ORDER DENYING MOTION TO FILE MOTION TO WITHDRAW UNDER SEAL** |

Lewis Brisbois Bisgaard & Smith, LLP (LBBS) seeks to withdraw as counsel of record for Defendant Robertshaw Controls Company. (Docket nos. 74 and 77.) LBBS also seeks to file its withdrawal motion under seal. (*Id.*)

**I.     Filing Under Seal**

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). A party must show "compelling reasons" to seal documents that are part of a dispositive motion. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). The policy of public access "do[es] not apply with equal force to non-dispositive materials." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d


1172, 1179 (9th Cir. 2006). Thus, a party seeking to file a motion to seal in connection with a nondispositive motion must show only "good cause" under Federal Rule of Civil Procedure 26(c). *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in nondispositive materials, we apply the good cause standard when parties wish to keep them under seal.").

Without elaborating, LBBS contends the Court should seal the motion because it "contains sensitive information relating to its representation of Robertshaw." As the court observed in *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F.Supp.2d 164, 165 (E.D.N.Y. 2006), "documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and . . . this method is viewed favorably by the courts." But, the motion to withdraw contains very little attorney-client (or otherwise sensitive) information. The Court does not find good cause to seal the entire motion to withdraw, as opposed to redacting the sensitive information. "Redactions have the virtue of being limited and clear." *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 2013 WL 550563, at *2 (N.D. Cal. Feb. 12, 2013) (internal brackets and quotation marks omitted). LBBS' motion to file under seal is **DENIED**. If LBBS wants to withdraw, it must redact the few sentences that include sensitive information, and file the redacted motion to withdraw on the docket. LBBS' unredacted motion to withdraw (Docket no. 77) shall remain sealed for the Court's reference.

## II.     Withdrawal as Counsel

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F.Supp. 275, 276 (C.D. Cal. 1992). Permission to withdraw is discretionary. *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010). Courts should consider the following factors when ruling on a motion to withdraw: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; (4) and the extent to which withdrawal will delay resolution of the case." *Id.* at *3. Under the

California Rules of Professional Conduct, an attorney may request a withdrawal if it is "unreasonably difficult" for counsel to carry out his employment effectively or if the client breaches an obligation as to expenses or fees.  Cal. R. Prof. Conduct 3–700(C)(1)(d) & (f). LBBS provided a declaration, explaining that its relationship with Robertshaw implicates both of these bases for withdrawal.  (Docket no. 77-1, Weadock Decl.)  No opposition has been filed. The Court concludes that the withdrawal will not prejudice litigants, harm the administration of justice, or unduly delay the resolution of the case, and anticipates granting the motion to withdraw once LBBS files a redacted version.

Robertshaw is warned that, because it's an entity, it must appear through an attorney. *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney.") (internal brackets and quotation marks omitted).  If Robertshaw remains a defendant in this case, and isn't represented by counsel, it risks default judgment.

The Court **DIRECTS** the Clerk of Court to serve a copy of this order on Defendant Robertshaw at the following address:

> Aaron Rachelson, Esq.
> Robertshaw Controls Co.
> 1222 Hamilton Parkway
> Itaska, IL 60143

**IT IS SO ORDERED**.

DATED: July 10, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge