# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYNE MCCARTY, a minor, by and through his Guardian ad Litem, AMANDA McCARTY,<br><br>Plaintiffs,<br>vs.<br>UNITED STATES OF AMERICA et al.<br><br>Defendants. | CASE NO. 13cv1602-LAB (JLB)<br><br>**ORDER GRANTING MOTION TO WITHDRAW** |

    Lewis Brisbois Bisgaard & Smith, LLP (LBBS) seeks to withdraw as counsel of record for Defendant Robertshaw Controls Company.  (Docket no. 83.)  LBBS explains:

    5.    There has been a breakdown in the attorney client relationship between LBBS and Robertshaw.  LBBS has been informed that its services are no longer needed.

    6.    Robertshaw indicated that it would be substituting LBBS out as its counsel [of] record.

    7.    Robertshaw has failed to communicate with LBBS any further on this matter despite efforts by LBBS.

    8.    Robertshaw has not yet substituted LBBS from the case . . . .

(Docket no. 83-1 at ¶¶ 5-8.)  No opposition has been filed to the motion, or to LBBS' previous motion to withdraw.  (Docket no. 74); (*see also* Docket no. 81 (explaining that the Court anticipated granting the withdrawal motion once it was filed publicly.))

/ / /

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F.Supp. 275, 276 (C.D. Cal. 1992). Permission to withdraw is discretionary. *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010). Courts should consider the following factors when ruling on a motion to withdraw: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; (4) and the extent to which withdrawal will delay resolution of the case." *Id.* at *3. Under the California Rules of Professional Conduct, an attorney may request a withdrawal if it is "unreasonably difficult" for counsel to carry out his employment effectively. Cal. R. Prof. Conduct 3–700(C)(1)(d) & (f). The breakdown in Robertshaw's relationship with LBBS establishes this grounds for withdrawal. The Court concludes that withdrawal will not prejudice litigants, harm the administration of justice, or unduly delay the resolution of the case. LBBS' motion to withdraw is **GRANTED**.

Robertshaw is warned that, because it's an entity, it must appear through an attorney. *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004). If Robertshaw remains a defendant in this case, and isn't represented by counsel, it risks default judgment. The Court **DIRECTS** the Clerk of Court to serve a copy of this order on Defendant Robertshaw at the following address:

> Aaron Rachelson, Esq.
> Robertshaw Controls Co.
> 1222 Hamilton Parkway
> Itaska, IL 60143

**IT IS SO ORDERED**.

DATED: July 16, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge