# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYNE MCCARTY, a minor, by and through his Guardian ad Litem, AMANDA McCARTY,<br><br>                    Plaintiffs,<br>   vs.<br><br>UNITED STATES OF AMERICA et al.<br><br>                    Defendants. | CASE NO. 13cv1602-LAB (JLB)<br><br>**ORDER DENYING MOTION TO BIFURCATE TRIAL (DOCKET NO. 72), GRANTING MOTION TO SUBSTITUTE ATTORNEY (DOCKET NO. 90)**, **AND RESCHEDULING PRETRIAL CONFERENCE** |

In this case, Kayne McCarty sues for an injury arising from his contact with hot water in the bathroom of his family's residence. Defendant Camp Pendleton & Quantico Housing, LLC (CPQH) managed the residence. CPQH seeks to bifurcate the trial so that issues of liability and damages are tried separately. (Docket no. 72.) CPQH also seeks to substitute Dana Alden Fox, Esq. of Lewis, Brisbois, Bisgaard, & Smith, LLP (LBBS) in place of its current counsel. (Docket no. 90).

**Bifurcation**

In seeking bifurcation, CPQH argues that: (1) there are several damages-phase witnesses, so it's most efficient to determine if there's liability before considering potentially unnecessary damages evidence and (2) bifurcation will avoid the potential prejudice that arises from Kayne's injury. (Docket no. 72.)

Under Fed. R. Civ. P. 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  The decision to bifurcate rests within the trial court's discretion. *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004).  "A decision ordering bifurcation is dependent on the facts and circumstances of each case." *Green v. Baca*, 226 F.R.D. 624, 630 (C.D. Cal. 2005).  Bifurcation "is the exception rather than the rule of normal trial procedure." *Clark v. IRS.*, 772 F. Supp. 2d 1265, 1269 (D. Haw. 2009).  "[T]he moving party has the burden of proving that the bifurcation will promote judicial economy and avoid inconvenience or prejudice to the parties." *Id.* (internal quotation marks omitted).

> Factors that courts consider in determining whether bifurcation is appropriate include: (1) whether the issues are significantly different from one another; (2) whether the issues are to be tried before a jury or to the court; (3) whether the posture of discovery on the issues favors a single trial or bifurcation; (4) whether the documentary and testimonial evidence on the issues overlap; and (5) whether the party opposing bifurcation will be prejudiced if it is granted.

*Id.* (citation omitted).

Several of the same witnesses will testify to both liability and damages. (*See* Docket no. 7-8.)  And the evidence relevant to liability for McCarty's alleged injury overlaps with the evidence that's relevant to damages from the injury.  Thus, CPQH hasn't met its burden to show that bifurcation is warranted.

**Motion to Substitute Attorney**

CPQH seeks to substitute in the LBBS law firm as their attorneys. (Docket no. 90). Because LBBS previously represented Defendant Robertshaw Controls Co. in this case, the Court invited the parties to submit objections to the proposed representation. (Docket no. 93.)  Objections were due by August 17, 2015. (*Id.*)  Robertshaw didn't object, but McCarty did.  He argues that CPQH will seek to assign fault to Rheem and Robertshaw, and LBBS' representation of CPQH is prejudicial in light of its prior representation of Robertshaw. (Docket no. 97.)  He contends that "because Defendant Robertshaw has already reached a settlement with the Plaintiff, it is the Plaintiff who risks severe prejudice . . . ." (*Id.* at 5.)

McCarty speculates that LBBS is privy to confidential information about Robertshaw that it may use to question Robertshaw representatives at trial. But fact discovery is closed, and McCarty doesn't explain how LBBS could get this unknown confidential information into evidence. Thus, he hasn't shown any concrete injury that will result from LBBS' representation of CPQH. Additionally, "[a]s a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." *Kasza v. Browner*, 133 F.3d 1159, 1171 (9th Cir. 1998). Because McCarty was never in an attorney-client relationship with LBBS, he lacks standing to seek disqualification. *See Hechavarria v. City & Cnty. of San Francisco*, 463 F. App'x 632, 633 (9th Cir. 2011). Disqualification of LBBS isn't warranted.

**Conclusion**

CPQH's motion to bifurcate the trial (Docket no. 72) is **DENIED**. CPQH's motion to substitute counsel (Docket no. 90) is **GRANTED**. The pretrial conference for this case is currently scheduled for September 21, 2015. It's rescheduled for September 14, 2015 at 11:30 a.m.

**IT IS SO ORDERED**.

DATED: August 19, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge